UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY BEARD, Director of California Department of Corrections and Rehabilitation,<br><br>　　　　Defendant. | Case No.: 14-2395 CW (PR)<br><br>ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING ACTION; TERMINATING ALL PENDING MOTIONS |

　　　Plaintiff Steven Wade Bonilla, a state prisoner incarcerated at San Quentin State Prison (SQSP) and a frequent litigator in this Court, has filed this pro se action for a writ of mandamus. He also seeks leave to proceed in forma pauperis (IFP).

　　　Before the Court reviews the complaints, it addresses a preliminary matter. Plaintiff has also filed a document entitled, "Peremptory Challenges," in which he seeks to recuse the undersigned judge on the ground of prejudice against him. Because this document does not satisfy the requirements for recusal of a judge listed in 28 U.S.C. § 144 or 28 U.S.C. § 455, the request for recusal is denied.

　　　In this petition for a writ of mandate, Plaintiff challenges SQSP's practice of placing in solitary confinement Grade A inmates sentenced to death who are still litigating their appeals. For the following reasons, this action must be dismissed.

　　　On October 25, 2011, the Court informed Plaintiff that, in

accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed IFP in any civil action he files in this Court.  See In re Steven Bonilla, No. C 11-3180 CW (PR), Order of Dismissal at 6:23-7:19.  The sole exception to this restriction is that Plaintiff may proceed IFP if he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

In this action, Plaintiff has not alleged facts that show he was in imminent danger of serious physical injury at the time he filed it.  The fact that Plaintiff, a death row inmate, is in solitary confinement while his appeal is pending does not place him in imminent danger of serious physical injury.  Therefore, this action must be dismissed under 28 U.S.C. § 1915(g).

This action also must be dismissed because this Court lacks authority to issue mandamus to direct state officials in the performance of their duties; a petition for a writ of mandamus compelling a state official to take or refrain from taking some action is frivolous as a matter of law.  Demos v. United States Dist. Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

CONCLUSION

Based on the foregoing, the Court orders as follows:

1. Plaintiff's request for recusal is denied.

2. Plaintiff's request to proceed IFP is DENIED and this

action is DISMISSED.  The Court will not provide Plaintiff with the option of paying, in full, the $400.00 filing fee for this action because it is without legal merit.

    3. The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

    4. The Clerk shall file a copy of this Order in C 08-0471 CW.

    IT IS SO ORDERED.

Dated: 6/23/2014

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE